# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHIRLEY DOWNING COVINGTON,  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>MEMPHIS PUBLISHING COMPANY,  )<br>a Tennessee Corporation, an operating  )<br>subsidiary of The E. W. Scripps Company,  )<br>a foreign corporation, d/b/a The Commercial  )<br>Appeal,  )<br>  )<br>    **Defendant.**  )<br>  ) | No. 05-2474 |

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SUPPLEMENTAL REPORT I OF PROFESSOR ARNOLD LEVINE FROM EVIDENCE

Before this Court is Plaintiff's Objections to the Magistrate Judge's Order Granting Defendant's Motion in Limine to Exclude Supplemental Report I of Professor Arnold Levine from Evidence. (D.E. 108.) Plaintiff's objections are filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

### I. FACTUAL BACKGROUND

This action alleges violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Age Discrimination in Employment Act, 29 U.S.C. § 626 et seq., the Equal Pay Act, 29 U.S.C. § 206(d), the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 et seq., and the state tort claim of intentional infliction of emotional

1

distress.  Pl's. Amend. Compl. at 1-2, ¶1.

On December 18, 2006, Plaintiff filed a Preliminary Report by Professor Arnold Levine, a designated expert.  Order Granting Def's. Mot. in Limine, ("Mag. Order") at 1.  This Preliminary Report was timely filed according to the amended scheduling order in this case which provided that January 16, 2007 was the deadline for Plaintiff to provide expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Id. at 1-2.  Additionally, Defendant timely filed its expert disclosures on March 30, 2007.  Id. at 2.  Thereafter, on June 12, 2007, Plaintiff filed Professor Levine's "Supplemental Report I."[1]  Id.  At the time of filing, the trial date was set for October 22, 2007.  Id.

On June 18, 2007, Defendant filed a Motion in Limine to Exclude Supplemental Report I of Professor Arnold Levine or for Relief Under Rule 37(c)(1).  Defendant alleged that Supplemental Report I should be classified as an untimely rebuttal report under Rule 26(a)(2)(C), arguing that it was filed more than thirty days after Defendant's expert report and that a review of the report shows that it was "intended solely to contradict or rebut the contents" of Defendant's report.  Id.  Plaintiff responded that Dr. Levine's Supplemental Report I should be classified as a supplemental report because it corrected inaccurate or incomplete information in the December 18, 2006 Preliminary Report.  Id.  Plaintiff further responded that such a supplement was required under Rule 26(e) of the Federal Rules of Civil Procedure.

On July 27, 2007, United States Magistrate Judge Diane K. Vescovo granted Defendant's Motion in Limine to Exclude Supplemental Report I of Professor Arnold Levine from Evidence.

---

[1] We note that the title of this report is potentially misleading, as this Court concludes that Plaintiff's report entitled "Supplemental Report I" is actually not a supplement under Rule 26 of the Federal Rules of Civil Procedure but instead is a rebuttal report.  However, because the magistrate judge and the parties refer to this report by its title, the Court will likewise do so.

The magistrate judge found that Supplemental Report I should be classified as a rebuttal report under Rule 26 of the Federal Rules of Civil Procedure because "a careful examination of Dr. Levine's Supplemental Report I reveals that the intent of the report was solely to rebut and contradict the expert opinions" of Defendant's expert. Mag. Order at 10. As such, the magistrate judge ruled that Supplemental Report I should be excluded from evidence pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. Mag. Order at 12-13. On August 6, 2007, Plaintiff filed her objections to the Magistrate's Order, alleging that the ruling improperly characterized Supplemental Report I as a rebuttal report and that the exclusion of evidence was unduly harsh. For the reasons set forth herein, the Order of the Magistrate Judge is AFFIRMED.

## II. LEGAL STANDARD

This Court may reconsider the order of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).[2] Id. The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999). Such a referral may designate a magistrate judge to hear and determine non-dispositive pretrial matters, such as a motion to compel or a discovery motion. 28 U.S.C. § 636(b)(1)(A)(2000); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985). They may also include dispositive matters, such as a motion for summary judgment or a motion for injunctive relief, and evidentiary hearings. 28 U.S.C. § 636(b)(1)(B). Other matters, such as a determination of damages or a petition for attorney's fees, may be referred to the magistrate judge at the district court's discretion. 28 U.S.C. § 636(b)(3); Callier v. Gray, 167 F.3d 977, 982-83 (6th Cir. 1999) (citing

---

[2] This Court may only reconsider orders when a party properly files an objection to the order within ten days of being served with a copy of the order. Fed. R. Civ. P. 72(a). The magistrate's order in this case was entered on July 27, 2007 and Plaintiff's objections were filed on August 6, 2006. Therefore, Plaintiff has met this requirement for the Court to reconsider the magistrate's order.

Gomez v. United States, 490 U.S. 858 (1989); Mathews v. Weber, 423 U.S. 261 (1976)).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A judicial finding is deemed to be clearly erroneous when the reviewing court has "a definite and firm conviction that a mistake has been committed." Heights Cmty. Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Id. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Id. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. Id.

When a dispositive matter is referred, the magistrate judge's authority extends only to issuing proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B) (2000). The district court makes a de novo determination, which entails reconsidering the matter in its entirety, without granting any weight or consideration to the lower court's decision. Fed. R. Civ. P. 72(b); United States Fidelity and Guaranty Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir. 1992); see United States v. Navarro-Camacho, 186 F.3d 701, 709 (6th Cir. 1999).

The Motion in Limine at issue in this case is a pre-trial motion which does not fall within one

of the "dispositive matters"exceptions of 28 U.S.C. § 636(b)(1)(A). It is thus within the magistrate judge's authority to hear and determine the matter. Consequently, the ruling by the Magistrate Judge at issue in the present case is reviewed by this court under the "clearly erroneous" standard. Applying this standard, the Court's task is merely to determine whether the Magistrate Judge's ruling is a reasonable interpretation of the law.

### III. ANALYSIS

The sole issue that Plaintiff requests this Court to reconsider is the classification of Dr. Levine's Supplemental Report I as a rebuttal report and its subsequent exclusion from evidence. Rule 26(a) of the Federal Rules of Civil Procedure, which provides for the timeliness of such reports, provides in pertinent part as follows:

> In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2)(C). Rule 26(e) provides that a party has a duty to supplement a disclosure "if the party learns that in some material respect the information disclosed is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e). Under Rule 37 of the Federal Rules of Civil Procedure, a party that "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . information not so disclosed." Fed. R. Civ. P. 37(c)(1).

In the present case, the magistrate judge found that "a careful examination of Dr. Levine's 73-page Supplemental Report I reveals that the intent of the report was solely to rebut and

contradict" the opinions of the Defendant's expert.  Mag. Order at 10.  The magistrate judge relied upon the facts set forth as follows in determining that Supplemental Report I was a rebuttal report under Rule 26(a)(2)(C):

> Supplemental Report I sets out extensive responses to each of [Defendant's expert's] opinions.  The six-page summary section of Supplemental Report I includes 30 bullet points; 26 of the bullet points refer specifically to "Defendant's Expert" and challenge or contradict her opinions and analyses.  In the 26 pages which constitute the body of the report, "Defendant's Expert" or "DE" is mentioned on 24 of the pages.

Mag. Order at 10-11 (citations omitted).  The magistrate's order found that Supplemental Report I was not filed within thirty days of Defendant's expert report, as required by Rule 26(a)(2)(C) for rebuttal reports.[3]  Mag. Order at 11.

Furthermore, the Magistrate Judge determined that this violation of Rule 26(a) warranted sanctions under Rule 37(c).  The Magistrate Judge relied upon the following findings for this determination:

> The Court finds that there is no substantial justification for the failure of [Plaintiff] to provide a full and complete expert report setting forth all of Dr. Levine's opinions prior to the expert disclosure deadline of January 16, 2007.  In fact, [Plaintiff] has failed to offer any justification as to why the data she acquired before her own expert's report was due was not provided to Dr. Levine at the time he was preparing his Preliminary Report.  Nor is there any explanation as to why Dr. Levine failed to file a final report with his complete opinions before January 16, 2007, when the necessary information was in [Plaintiff's] possession.
>
> Further, the failure to do so is not harmless. [Plaintiff] has clearly benefitted by having her expert, Dr. Levine, review [Defendant's] expert's final opinion before rendering his own final opinion, a considerable litigation advantage.

Mag. Order at 12-13.

---

[3] As the magistrate judge properly concluded, any rebuttal reports would have been due no later than May 3, 2007.  Mag. Order at 5.  Plaintiff's report, which has been classified as a rebuttal report despite the name Supplemental Report I, was filed on June 12, 2007.  Id.

Upon review, this Court concludes that the Magistrate's Order was supported by evidence and that the Magistrate's conclusions were reasonable. Therefore, the Order of the Magistrate Judge Granting Defendant's Motion in Limine to Exclude Dr. Levine's Supplemental Report I from Evidence is AFFIRMED.

**IT IS SO ORDERED** this 16th day of October, 2007.

s/ Bernice B. Donald  
BERNICE B. DONALD  
UNITED STATES DISTRICT JUDGE